Shaw, C. J.
This case can hardly be considered as presenting any question of law. The assessment of damages *476 depends much on the circumstances of each case ; and this is probably the reason and policy of the law, in providing thai the inquisition of damages shall be taken by the jury on the ground, before an executive officer to conduct them, and not in the usual course of judicial proceeding. The evidence, on which they are to act, is mainly to be derived from their own observation on view, and but few general rules of law1 can be applied. Whether, after the highway was laid out, it would be necessaiy or expedient for the society to inclose and secure their ground by a fence against the highway, was a fit question for the jury; and the fact that it was formerly open and unenclosed, when it bounded on a private proprietor, would be no conclusive reason why it might not become necessary to enclose it by a fence, when laid open to the highway. And if a fence should be necessary, although formerly they bounded on a private proprietor, who if his own land was enclosed and occupied, (which does not appear,) might have been held liable for half the cost of a partition fence, yet this would not be the case, when their land by the laying open of the highway should bound on that highway. The public would be under no obligation to pay any part of the cost of maintaining a fence between the road and the parish. We are not prepared to say that in all cases proprietors whose lands are taken may claim damages for the cost of fencing against the road. It depends on the circumstances of each case, and on the broader question, whether in such case the cost of a fence will be one of the necessary, natural or probable consequences, incident to the talcing of land for a highway.

Judgment of the court of common pleas, accepting the ver diet of the sheriff’s jury, affirmed,.